# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JENNIFER ASSELIN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>CENTRAL CREDIT SERVICES, LLC, and SYNCHRONY BANK<br><br>        Defendants. | Case No.: 17-cv-991<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Jennifer Asselin is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a personal PayPal Smart Connect credit account.

5.  Defendant Central Credit Services, LLC ("CCS") is a corporation with its principal place of business located at 9550 Regency Square Blvd, Suite 500, Jacksonville, Florida 32225.

6.  CCS does substantial business in Wisconsin.

7.  CCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.  CCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CCS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

9.  Defendant Synchrony Bank (hereinafter "Synchrony") is a national bank with its primary place of business located at 170 West Election Road, Suite 125, Draper, UT 84020.

10. Synchrony does substantial business in Wisconsin.

11. Synchrony issues and services "PayPal Smart Connect" and numerous other brand credit cards around the world, including in Wisconsin.

12. When attempting to collect debts in Wisconsin, Synchrony is a debt collector as defined in Wis. Stat § 427.103(3) *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002); ("Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector.")

## FACTS

13. On or about August 31, 2016, Synchrony mailed a debt collection letter to Plaintiff regarding an alleged debt owed to Synchrony. A copy of this letter is attached to this complaint as Exhibit A.

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

2

15. <u>Exhibit A</u> states:

**NOTICE OF RIGHT TO CURE DEFAULT**

September 15, 2016 is the LAST DAY FOR PAYMENT.
$145.00 is the AMOUNT NOW DUE.

You are late in making your payment(s). If you pay the AMOUNT NOW DUE (above) by the LAST DAY FOR PAYMENT (above), you may continue with the contract as though you were not late. Payment should be sent to us at the address set forth below. If you do not pay by this date, we may exercise our rights under the law.

16. <u>Exhibit A</u> states that September 15, 2016 is the last day for payment and if Plaintiff pays by this date, she "may continue with the contract as though [she was] not late."

17. On or about September 8, 2016, Synchrony mailed another debt collection letter to Plaintiff regarding the same alleged debt owed to Synchrony. A copy of this letter is attached to this complaint as <u>Exhibit B</u>.

18. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

19. <u>Exhibit B</u> states:

**If you fail to send at least a minimum payment by the next payment due date on your statement to prevent your account from going further delinquent, your account will be reviewed for placement with a Collection Agency for further collections.**

20. On or about September 29, 2016, Central Credit Services, LLC ("CCS") mailed a debt collection letter to Plaintiff regarding the same alleged debt owed to Synchrony, referred to in <u>Exhibit A</u>. A copy of this letter is attached to this complaint as <u>Exhibit C</u>.

21. <u>Exhibit C</u> was the first letter that CCS sent to Plaintiff with respect to Plaintiff's alleged Synchrony debt.

22. Upon information and belief, <u>Exhibit C</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

3

23. Exhibit C states:

> Our client Synchrony Bank has placed your PayPal™ Smart Connect Credit Card Account with our office due to non-payment. Please contact this office at 877-861-1415 to resolve this matter. Our office is interested in working with you and has several payment options available to meet your current financial needs.

24. Exhibit C also states:

> Balance Due: $2,021.00

25. Exhibit C, thus, represents that the debt had been accelerated and the full balance is now due.

26. Despite Exhibit A's statement that September 15, 2016 was the last day for payment to cure default and "continue with the contract as though you were not late," and despite Synchrony's and CCS's representations that the debt had been placed with CCS for collection (Exhibit C) and that the debt had been accelerated and the full balance was now due, on or around September 27, 2016, Synchrony sent Plaintiff an account statement for the same account, demanding a minimum payment of $344.00. A copy of this statement is attached to this complaint as Exhibit D.

27. Synchrony's representation in Exhibit A that the last day for payment to cure default is September 15, 2016 in order to continue with the contract as though Plaintiff was not late is false and misleading, especially when the consumer is subsequently presented with account statements requesting minimum payments lower than the total balance (Exhibit D).

28. The unsophisticated consumer cannot determine whether the debt had been accelerated or not, or how much debt is actually due. Exhibit C seeks the entire amount of the debt, $2021.00, but Exhibit D seeks only $344.00.

29. CCS and Synchrony both represented the amount of the debt in a way that was confusing to the unsophisticated consumer and/or misrepresented the amount of the debt.

4

30. Upon information and belief, CCS and Synchrony work in a scripted process to collect Synchrony debts such as Plaintiff's.

31. Upon information and belief, CCS is fully aware of the contents and representations in Exhibit A,

32. Upon information and belief, CCS is fully aware that Synchrony sends Exhibit A to consumers approximately one month before CCS mails a letter in the form of Exhibit C.

33. Upon information and belief, CCS is fully aware that Synchrony continues to send statements to consumers seeking a "minimum payment" and not representing that the entire balance is due.

34. Plaintiff was confused by Exhibits A-D.

35. The unsophisticated consumer would be confused by Exhibits A-D.

36. Plaintiff had to spend time and money investigating Exhibits A-D.

37. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A-D.

38. The FDCPA presumes that violations cause injury to consumers. Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

39. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

5

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

40. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of – the character, amount, or legal status of any debt."

42. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

43. 15 U.S.C. § 1692g(a) requires:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;

44. The FDCPA requires the debt collector to state the amount due on the date the collection letter is sent, "without "obscur[ing] it by adding confusing other information (or misinformation)." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

45. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

46. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

6

## COUNT I – FDCPA

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48. This claim is brought against Defendant CCS.

49. CCS represented to Plaintiff and class members that their Synchrony accounts had been accelerated by seeking to collect the entire balance and not just the amount actually due.

50. Prior to sending Exhibit C, which demands payment of the balance of the PayPal credit account, CCS was aware that Synchrony would continue to send statements seeking a "minimum payment" lower than the balance.

51. At the time it sent Exhibit C to the class, CCS knew that Synchrony would continue to send class members account statements seeking a "minimum payment" lower than the account balance.

52. CCS made false, misleading and confusing representations about the amount of the debt.

53. CCS's conduct violates 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a).

## COUNT II -- WCA

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint. This claim is brought against both defendants.

55. Unlike the FDCPA, the WCA's debt collection provisions apply to original creditors who are attempting to collect their own debts. Wis. Stat. § 427.103(3) ("'Debt collector' means any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme,

7

intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms.").

56. Original creditors, including Synchrony, are debt collectors under the WCA. Wis. Stat. § 427.103; *Hartman*, 191 F. Supp. 2d at 1048.

57. In Exhibit C, CCS represented to Plaintiff and class members that their Synchrony accounts had been accelerated so that the entire balance was due.

58. In fact, when CCS sent Exhibit C, CCS and Synchrony both knew that Synchrony would continue to send class members account statements seeking a minimum payment of less than the entire balance.

59. CCS's and Synchrony's conduct violates the Wisconsin Consumer Act, Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## COUNT III -- FDCPA

60. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint. This claim is brought against both defendants.

61. Exhibits A and C provide facially conflicting deadlines for payment.

62. CCS's and Synchrony's conduct violates the Wisconsin Consumer Act, Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of Exhibit A, (c) and subsequently were sent a letter in the form of Exhibit C, (d), and subsequently were sent an Synchrony statement such as Exhibit D, (e) seeking less than the full balance of the account

8

(f) for an alleged debt incurred for personal, family or household purposes, (g) on or after November 14, 2015, (h) that were not returned by the postal service.

64. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

65. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibits A, C and D</u> violate the FDCPA and/or the WCA.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

69. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 18, 2017

                                    **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com

10

Case 2:17-cv-00991-DEJ   Filed 07/18/17   Page 10 of 10   Document 1